IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| THOMAS BRANUM, | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
| v. | ) No. 3:16-1374 |
| | ) |
| UNITED STATES OF AMERICA, | ) Judge Trauger |
| | ) |
|     Respondent. | ) |

**MEMORANDUM OPINION**

The court originally denied the petitioner's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 "with leave to amend or file a new § 2255 petition" if the legal circumstances underlying the dismissal changed. (Doc. No. 6.) The Senior Judge who entered that order has since retired, and this case has been transferred to the undersigned for consideration of the petitioner's pending motion to reopen and amended Section 2255 motion. (Doc. Nos. 8, 9.) For the reasons that follow, the motion to reopen and the amended Section 2255 motion will both be granted.

**I.    BACKGROUND**

In February 2013, the court accepted the petitioner's plea of guilty to five counts of conspiracy to commit Hobbs Act robbery and extortion, in violation of 18 U.S.C. § 1951 (Counts 13, 16, 19, 30, 41), and one count of possessing and discharging a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c). *United States of America v. Thomas Branum*, No. 3:09-cr-00240-6, Doc. No. 1909 (M.D. Tenn. Feb. 4, 2013) (order accepting plea

petition/agreement).[1]  Specifically, the Section 924(c) conviction was to Count 31 of the Ninth Superseding Indictment, which charged that the petitioner "did knowingly possess and discharge a firearm in furtherance of a crime of violence . . . that is, conspiracy to commit a Hobbs Act extortion and robbery." (*Id.* at 2; Crim. Doc. No. 1408 at 20.)

Under the plea agreement, the government agreed to request dismissal of the remaining counts against the petitioner, and the parties agreed that the petitioner's sentence would include a total effective term of eighteen years' imprisonment—eight years each to run concurrently on the five counts of Hobbs Act Robbery and ten consecutive years on the firearm conviction pursuant to 18 U.S.C. § 924(c). (Crim. Doc. No. 1909 at 4.)  The court accepted the agreement and entered judgment accordingly. (Crim. Doc. No. 2214.)  Specifically, on May 22, 2013, the court sentenced the petitioner to eight years on each of the conspiracy counts, to run concurrently, and ten years on the Section 924(c) firearm count, to run consecutively, for a total effective sentence of eighteen years. (*Id.*)  The petitioner did not appeal.

In 2016, the petitioner filed a motion to vacate his Count 31 firearm conviction under Section 2255 on the basis that it rested on Section 924(c)'s residual clause, which was unconstitutionally vague in light of the United States Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). (Doc. No. 1 at 4.)  Because *Johnson* determined the unconstitutionality of a different statute, and the United States Court of Appeals for the Sixth Circuit had rejected a void-for-vagueness challenge to Section 924(c)(3)(B) based on *Johnson*, the court found that it was precluded from granting relief but dismissed the petition with leave to amend in the event that Section 924(c)'s residual clause was found to be unconstitutional. (Doc.

---

[1]   References to documents in the underlying criminal case will hereinafter be cited as "Crim. Doc. No. ___."

No. 6.) The Supreme Court subsequently found that clause unconstitutionally vague in *Davis v. United States*, 139 S. Ct. 2319 (2019), and the petitioner moved to reopen and amend his Section 2255 motion. (Doc. Nos. 8, 9.) "*Davis* announced a new rule of constitutional law that retroactively applies to cases on collateral review." *In re Franklin*, 950 F.3d 909, 910 (6th Cir. 2020) (per curiam).

The petitioner again asserts that his Section 924(c) conviction must be vacated because it rests on a predicate offense that does not qualify as a crime of violence under the elements clause of Section 924(c). (Doc. No. 9.)

## II. Analysis

### A. Procedural Default

The government does not contest the merits of the petitioner's claim. To the contrary, it acknowledges that "Branum's conviction under Section 924(c) can no longer stand in light of the Court's decision in *Davis*." (Doc. No. 17 at 1.) The government has also "made the considered decision" not to attempt to enforce the waiver provision of the petitioner's plea agreement, due to "the absence of overt compliance with [Federal] Rule [of Criminal Procedure] 11(b)(1) and the lack of Branum's signature on a document containing the actual waiver provision." (*Id.* at 5 n.2.) Nevertheless, the government argues that the motion to vacate should be denied as procedurally defaulted. (*Id.* at 6–12). The court is not persuaded by that argument.

"It is well-established that a § 2255 motion 'is not a substitute for a direct appeal.'" *Ray v. United States*, 721 F.3d 758, 761 (6th Cir. 2013) (citing *United States v. Frady*, 456 U.S. 152, 167–68 (1982)). "[C]laims that could have been raised on direct appeal, but were not, will not be entertained via a motion under § 2255 unless the petitioner shows: (1) cause and actual prejudice

to excuse his failure to raise the claims previously; or (2) that he is 'actually innocent' of the crime." *Id.* (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)). The court agrees that the petitioner procedurally defaulted the challenge to his Section 924(c) conviction, but it concludes that he has established cause and prejudice to excuse this default.

First, the petitioner argues that he can show cause for failing to previously raise a vagueness challenge to his Section 924(c) conviction. (Doc. No. 18 at 2–4.) "[A] criminal defendant has cause for failing to raise a claim when, at the time of default, the claim had been expressly foreclosed by a precedent of the Supreme Court that the Court later 'explicitly overrule[s].'" *Gatewood v. United States*, 979 F.3d 391, 397 (6th Cir. 2020) (quoting *Reed v. Ross*, 468 U.S. 1, 17 (1984)). The Sixth Circuit recently explained that, in 2007, the Supreme Court foreclosed the type of vagueness challenge raised here. *See id.* (citing *James v. United States*, 550 U.S. 192, 210 n.6 (2007), and *Sykes v. United States*, 564 U.S. 1, 15–16 (2011)). And that claim remained foreclosed until it was explicitly overruled in 2015 by *Johnson v. United States*, 576 U.S. 591 (2015).

Here, the petitioner was sentenced in 2013. (*See* Crim. Doc. Nos. 2210, 2214.) Thus, according to the Sixth Circuit, the default of the claim raised here occurred within the window of time—2007 to 2015—during which the petitioner had "no reasonable basis" to argue it. *Gatewood*, 979 F.3d at 397 (collecting cases from the First, Ninth, and Eleventh Circuits). Accordingly, the petitioner has cause to excuse his default.

Second, "[h]aving shown cause, [the petitioner] must then show that he has been actually prejudiced." *Napier v. United States*, 159 F.3d 956, 961 (6th Cir. 1999). That is, the petitioner must show that an error that "worked to his *actual* and substantial disadvantage." *Id.* at 962 (quoting *Frady*, 456 U.S. at 170). This court has repeatedly concluded that a movant

4

demonstrated actual prejudice to excuse the default of an otherwise meritorious *Davis* claim where the challenged Section 924(c) conviction necessarily resulted in a longer term of incarceration. *See Pettus v. United States*, No. 3:18-cv-00736, 2021 WL 354083, at *3 (M.D. Tenn. Feb. 2, 2021); *Lee v. United States*, No. 3:19-cv-00850, 2020 WL 7425862, at *7 (M.D. Tenn. Dec. 18, 2020); *Serrano v. United States*, No. 3:19-cv-00719, 2020 WL 5653478, at *8–10 (M.D. Tenn. Sept. 23, 2020). Here, likewise, the petitioner received a mandatory consecutive sentence of ten years in prison for his Section 924(c) conviction for discharging a firearm in furtherance of a "crime of violence." *See* 18 U.S.C. § 924(c)(1)(A)(iii). Accordingly, the petitioner has also demonstrated actual prejudice.

Arguing to the contrary, the government contends that the petitioner was not actually prejudiced because, had he raised a claim that the Section 924(c) residual clause was unconstitutionally vague at the time of his plea, "the result would likely have been" that the petitioner pleaded guilty to a different Section 924(c) count with a still-valid predicate and that there would not have been "a substantively different bargain" between the parties. (Doc. No. 17 at 10–11 and n.4.) The court has rejected this argument in several recent cases in which it announced that it "is not persuaded that the type of speculative inquiry the government envisions is warranted." *Pettus*, 2021 WL 354083, at *3 (quoting *Hall*, 2021 WL 119638, at *7); *see also Serrano*, 2020 WL 5653478, at *9–10 (rejecting the same argument); *Oliver v. United States*, 470 F. Supp. 3d 756, 759 (M.D. Tenn. 2020) (Crenshaw, J.) ("[T]he Court is hesitant to use the Factual Basis to revive counts that the Government agreed to dismiss. Otherwise, it would be possible for the Court to retroactively find [the petitioner] guilty of several crimes that he did not agree to plead guilty to."). The court remains unpersuaded. To put it simply, the court cannot rest a sentence on a crime for which the petitioner was not convicted.

5

Because the petitioner has demonstrated cause and actual prejudice to excuse the procedural default of his claim, his default is excused, and it is unnecessary for the court to address the government's argument about whether the petitioner can demonstrate actual innocence.

**B.     Merits**

As relevant here, Section 924(c) criminalizes the possession of a firearm "in furtherance of" a "crime of violence." 18 U.S.C. § 924(c)(1)(A). The statute "define[s] the term 'crime of violence' in two subparts—the first known as the elements clause, and the second the residual clause." *Davis*, 139 S. Ct. at 2324. In *Davis*, the Supreme Court held that the residual clause is unconstitutionally vague. 139 S. Ct. at 2336. Thus, for the petitioner's Section 924(c) conviction to remain valid, it must rest on a predicate offense that qualifies as a crime of violence under the elements clause.

Under the elements clause, an offense must have "as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). The court "use[s] a 'categorical approach' to determine whether an offense constitutes a 'crime of violence' for purposes of § 924(c)(3)." *Manners v. United States*, 947 F.3d 377, 379 (6th Cir. 2020) (quoting *United States v. Rafidi*, 829 F.3d 437, 444 (6th Cir. 2016). This approach "focuses on the statutory definition of the offense, rather than the manner in which an offender may have violated the statute in a particular circumstance." *Id.* (quoting *United States v. Denson*, 728 F.3d 603, 607 (6th Cir. 2013)).

The predicate offense for the petitioner's Section 924(c) conviction was conspiracy to commit a Hobbs Act extortion and robbery in violation of 18 U.S.C. § 1951. (Crim. Doc. No. 1408 at 20.) The government does not assert that such conspiracy implicates the physical force

6

necessary to satisfy the elements clause of Section 924(c), and the law clearly suggests it does not. *See United States v. Ledbetter*, 929 F.3d 338, 360–61 (6th Cir. 2019) (observing agreement that conspiracy to commit Hobbs Act robbery only qualified as a crime of violence under the residual clause and vacating convictions in light of *Davis*); *Lee*, 2020 WL 7425862, at *8 (collecting cases and concluding that "conspiracy to commit Hobbs Act robbery may not serve as a crime of violence predicate for a § 924(c)(3)(A) conviction because conspiracy is 'merely an agreement to commit an offense'").

In sum, the residual clause of Section 924(c) is unconstitutional, and the petitioner's predicate offense does not qualify as a crime of violence under the elements clause. Accordingly, the motion to vacate the petitioner's Section 924(c) conviction will be granted, and that conviction will be set aside.

**C.     Remedy**

The petitioner requests "a new sentencing hearing if necessary." But the court has broad discretion "to grant relief in one of four forms 'as may appear appropriate' when a motion [to vacate] is found to be meritorious: discharge the prisoner, resentence the prisoner, grant a new trial, or correct the sentence." *Ajan v. United States*, 731 F.3d 629, 633 (6th Cir. 2013) (citing 28 U.S.C. § 2255(b)). Here, the court finds that a new sentencing hearing is not necessary and exercises its discretion to correct the sentence by removing the 10 consecutive years of imprisonment imposed for the petitioner's vacated Section 924(c) conviction. All other aspects of the sentence will remain unchanged.

### III.     Conclusion

For these reasons, the court will grant the petitioner's Section 2255 motion (Doc. No. 9) and vacate the conviction and sentence imposed under Section 924(c) for Count 31.

7

Case 3:16-cv-01374   Document 19   Filed 03/12/21   Page 7 of 8 PageID #: 134

An appropriate order is filed herewith.

_____
Aleta A. Trauger
United States District Judge